# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-60651
Summary Calendar

NORMAN PLACE LP, A Mississippi Limited Partnership

Plaintiff - Appellee

v.

AA COMMUNICATIONS INC, A Nevada Corporation; JAMES E ZOUCHA, Individually and joined as necessary defendants under Rule 19 and 20 FRCP

Defendants - Appellants

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:07-CV-118

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

In this breach of contract suit, Norman Place obtained a preliminary injunction against AA Communications and James Zoucha terminating AA Communications's contractual relationship, allowing Norman Place to complete its project by hiring a new contractor, and allowing Norman Place to pay the new

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contractor from the 1.3 million dollar bond Zoucha held in escrow. For the reasons that follow, we AFFIRM.

1.  To be entitled to a preliminary injunction, Norman Place carried the burden before the district court to prove that: (1) it had a substantial likelihood that it would prevail on the merits of its suit; (2) there was a substantial threat that it would suffer irreparable injury without an injunction; (3) its threatened injury outweighs the threatened harm to Appellants; and (4) granting the injunction will serve the public interest. See Canal Authority of State of Florida v. Callaway, 489 F.2d 567, 572–73 (5th Cir. 1974) (laying out the factors). These four factors "present mixed questions of law and fact; we leave factual findings undisturbed unless clearly erroneous, but review legal conclusions de novo." Ridgely v. Fed. Emergency Mgmt. Agency, ___ F.3d ____, 2008 WL 54799, at *5 (5th Cir. Jan. 4, 2008). We review the ultimate decision to grant the injunction for an abuse of discretion. Id.

2.  Appellants first contend that the district court erred by determining that Norman Place had met its burden to prove that there was a substantial likelihood that it would succeed on the merits of its contract claim. Under Mississippi law, sureties are required to "promptly make payments to all persons furnishing labor or material . . . ." MISS. CODE ANN. § 85-7-185. The district court found that this was not being done—for example, the cabinet supplier was not being paid—and that finding is not clearly erroneous. Indeed, Appellants make no effort to argue that they were not in breach of this obligation.

3.  Appellants also contend that Norman Place would not suffer irreparable harm if the injunction was not granted. The crux of

their argument is that the district court's factual finding that Norman Place would lose $500,000 if they did not complete the project by December 31, 2007 was clearly erroneous because the witness who testified about the tax credits could not say for sure if the tax credits could be sold for that amount. But the district court did not find anything with respect to the precise worth of the tax credits; instead, it found that if Norman Place did not have the project completed by the end of 2007, the result would be the permanent loss of tax credits—credits needed to complete the project. The loss of the tax credits if the project were not timely completed was the factual finding underpinning the legal conclusion that Norman Place would suffer irreparable harm. Based on the evidence before it, the district court could reasonably infer that fact. While Appellants attempt to raise doubt about the veracity of that fact, the district court's finding was not clearly erroneous.

4.  Finally, Appellants contend that the district court erred by determining that its threatened injury was outweighed by the threatened injury to Norman Place. But they offer no explanation regarding what injury they have now suffered, especially in light of the fact that the current status quo was caused by Appellants' decision to stop working. The essence of Appellants' response is that Norman Place forced them to stop working by not making payment, but the district court found to the contrary; that finding is not clearly erroneous.

AFFIRMED.